# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **GABRIELLE TAUBE,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**SUNSHINE LIFE & HEALTH ADVISORS LLC**, a Florida company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Gabrielle Taube ("Plaintiff Taube" or "Taube") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sunshine Life & Health Advisors LLC DBA Las Madrinas De Los Seguros ("Defendant" or "Las Madrinas") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Taube, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Gabrielle Taube is a resident of Lapeer, Michigan.

2. Defendant Las Madrinas is a Florida company headquartered in Miami, Florida. Defendant Las Madrinas conducts business throughout this District and parts of the US.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant resides in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.6 billion robocalls were placed in November 2022 alone, at a rate of 158.2 million per day. www.robocallindex.com (last visited December 25, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Sunshine Life & Health Advisors LLC operates using the DBA Las Madrinas De Los Seguros.

15. Defendant Las Madrinas sells a variety of insurance plans including health insurance plans to consumers.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/las-madrinas-de-los-seguros/about/

16. Defendant Las Madrinas operates a call center in order to generate new business through telemarketing.[4]

17. Based on Plaintiff's experience, Defendant Las Madrinas placed cold calls in order to solicit its insurance plans to consumers.

18. Defendant Las Madrinas has already settled a class action lawsuit in 2022 – Alvarez v. Sunshine Life & Health Advisors regarding unsolicited text messages that were sent out to consumers in violation of the Florida state telemarketing laws.[5]

19. Despite the aforementioned lawsuit, Defendant Las Madrinas continues to place unsolicited telemarketing calls using a pre-recorded voice message.

20. To make matters worse, Defendant Las Madrinas also continues to place unsolicited telemarketing calls to consumers despite being told to stop calling.

21. According to Robokiller.com, provider of a telemarketing blocker app, 542 consumers have reported receiving calls from 934-400-2805, the phone number Defendant Las Madrinas used to call Plaintiff:

---

[4] https://www.wsfltv.com/rebound/coronavirus-money-help/the-godmothers-of-insurance-in-miami-are-looking-for-employees-to-join-their-team
[5] https://topclassactions.com/lawsuit-settlements/closed-settlements/sunshine-and-life-health-advisors-marketing-texts-2-6m-class-action-settlement/

**(934) 400-2805**

| | |
|---|---|
| Alternately: | +19344002805 |
| Reported Name: | |
| Reported Category: | |
| Last call: | 20 hours ago |
| Total Calls: | **542** |
| Robokiller User Reports: | 1 |

[6]

22. In response to these calls, Plaintiff Taube brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

### PLAINTIFF TAUBE'S ALLEGATIONS

23. Plaintiff Taube registered her residential phone number on the Do Not Call registry on June 6, 2006.

24. In early December 2022, Plaintiff started receiving unsolicited pre-recorded calls regarding Defendant Las Madrinas's health insurance programs. All these calls were placed using the phone number 934-400-2805.

25. All of the calls Plaintiff answered were in Spanish, a language Plaintiff Taube is not fluent in.

26. During one of the multiple pre-recorded calls from Defendant that Plaintiff answered, Plaintiff pressed a button that connected her to a live employee. When the live employee spoke in Spanish, Plaintiff asked to speak to an employee in English. The agent put Plaintiff on

---

[6] https://lookup.robokiller.com/p/934-400-2805

hold and then put her through to another live employee. When Plaintiff was connected to this live employee, she specifically stated, "Please stop calling" and the employee answered, "Okay."

27. Despite Plaintiff Taube's clear stop call request, she received a barrage of additional calls, causing her to block 934-400-2805 from calling.

28. Even with the calls blocked, Plaintiff Taube still receives notifications from her phone that Las Madrinas is still calling.

29. Plaintiff Taube received the following unsolicited calls after instructing Defendant Las Madrinas to stop calling her:

- December 5, 2022 from 934-400-2805 at 6:40 PM;
- December 6, 2022 from 934-400-2805 at 8:33 AM and twice at 1:17 PM;
- December 7, 2022 from 934-400-2805 at 9:04 AM, 1:18 PM and 7:37 PM; and
- December 9, 2022 from 934-400-2805 at 9:05 AM.

30. Frustrated by the unsolicited calls she was receiving from Defendant Las Madrinas, Plaintiff Taube called 934-400-2805 at 11:03 AM on December 9, 2022. Plaintiff was immediately put on hold by an automated system, so she hung up the phone.

31. Plaintiff Taube then received the following unsolicited calls from Defendant Las Madrinas:

- December 15, 2022 from 934-400-2805 at 9:13 AM, 12:19 PM, 2:55 PM, 6:05 PM and 8:25 PM;
- December 16, 2022 from 934-400-2805 at 11:19 AM;
- December 17, 2022 from 934-400-2805 at 10:04 AM;
- December 18, 2022 from 934-400-2805 at 9:15 AM, 1:13 PM and 8:28 PM;
- December 19, 2022 from 934-400-2805 at 2:13 PM;

- December 27, 2022 from 934-400-2805 at 10:57 AM and 7:30 PM;

- December 28, 2022 from 934-400-2805 at 12:38 PM, 4:56 PM and 8:37 PM;

- December 29, 2022 from 934-400-2805 at 10:55 AM, 3:32 PM and 7:35 PM;

- December 30, 2022 from 934-400-2805 at 9:51 AM, 1:01 PM and 5:21 PM;

- December 31, 2022 from 934-400-2805 at 9:18 AM, 12:10 PM and 3:24 PM;

- January 2, 2023 from 934-400-2805 at 9:24 AM, 12:24 PM, 4:16 PM and 7:26 PM;

- January 3, 2023 from 934-400-2805 at 10:33 AM, 12:21 PM, 3:21 PM, 6:51 PM and 8:43 PM;

- January 4, 2023 from 934-400-2805 at 9:26 AM, 11:18 AM, 1:24 PM, 4:50 PM, 7:00 PM and 8:49 PM;

- January 5, 2023 from 934-400-2805 at 9:28 AM, 11:31 AM, 1:18 PM, 4:06 PM, 6:30 PM and 8:50 PM;

- January 6, 2023 from 934-400-2805 at 10:09 AM, 12:23 PM (left a 5 second long blank voicemail), 3:20 PM, 6:04 PM and 8:14 PM; and

- January 7, 2023 from 934-400-2805 at 9:38 AM, 11:36 AM, 1:16 PM, 3:49 PM and 7:26 PM

32. Based on an investigation conducted by Plaintiff's attorneys, when 934-400-2805 is called, the number is answered by a Las Madrinas employee.

33. Plaintiff Taube was not looking for health insurance and did not consent to be contacted by Defendant.

34. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Taube in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

35. Seeking redress for these injuries, Plaintiff Taube, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Taube brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Las Madrinas called on their cellular or residential landline telephone number (2) using an artificial or pre-recorded voice.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Taube anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Las Madrinas or its agents placed pre-recorded voice message calls to Plaintiff Taube and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(d) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Taube will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Taube has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Taube and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Taube nor her counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Taube. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it

would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Taube and the Pre-recorded No Consent Class)

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. Defendant Las Madrinas and/or its agents transmitted unwanted telephone calls to Plaintiff Taube and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

44. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Taube and the other members of the Pre-recorded No Consent Class.

45. The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Taube and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

    c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

    e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Taube requests a jury trial.

DATED this 10th day of January, 2023.

**GABRIELLE TAUBE**, individually and on behalf of all others similarly situated,

By: /s/ Stefan Coleman

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*